```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
```

RD WILLIAMS LLC                                CIVIL ACTION

VERSUS                                         NO:09-5885

BMCI CONTRACTING INC.                          SECTION: "J" (4)

**ORDER AND REASONS**

Before the Court is Defendant BMCI Contracting Inc.'s **Motion to Dismiss for Improper Venue Under Rule 12 (b)(3)** (Rec. D. 20). Upon review of the record, the memoranda of parties, and the applicable law, this Court now finds, for the reasons set forth below, Defendant BMCI Contracting Inc.'s **Motion to Dismiss for Improper Venue Under Rule 12 (b)(3)** is **GRANTED.**

**FACTUAL AND PROCEDURAL BACKGROUND:**

This case derives from a contractual dispute between BMCI Contracting Inc. (hereafter "BMCI") and its subcontractor RD Williams LLC (hereafter "RD Williams"). RD Williams alleges that BMCI failed to pay for labor, materials, and other services performed pursuant to two contracts between the parties. RD Williams filed suit on August 26, 2009 for breach of contracts. However, it took a long time for a summons to be successfully issued and Defendant only responded to the complaint with this motion on April 22, 2010. Additionally, Delta Group LLC filed an intervention in January of 2010.

The two contracts in question contained a jurisdiction and

venue selection clause which gave the 24th Judicial District Court for the Parish of Jefferson in the State of Louisiana "exclusive jurisdiction and venue for any suits arising from this Agreement."

**DISCUSSION:**

Defendant argues that Plaintiff bears the burden of showing that the venue in question is proper. <u>Ernany de Joseph v. Odfjell Tankers Inc et al</u>, 196 F. Supp 2d 476, 479 (S. D. Texas 2002). In the present case, Defendant says that the forum selection clause at issue is valid and enforceable. <u>See</u> <u>e.g.</u> <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 11 (1972).

Plaintiff endorses Defendant's characterization of the legal standard guiding the analysis of the forum selection clauses. However, Plaintiff counters that Defendant has been attempting to evade the jurisdiction of the 24th Judicial District Court and utilizing various methods to prolong this matter. Therefore, Plaintiff argues, without the support of any case law, that this Court should deny Defendant's motion. Alternatively, Plaintiff requests that the Court defer ruling until Plaintiff can conduct further discovery.

Intervener Delta Group LLC joins in Plaintiff's response memorandum.

The Court turns first to determine whether the forum selection clause in this matter is enforceable. Generally, forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972). "Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state." Haynsworth v. The Corporation, 121 F.3d 956, 963 (5th Cir. 1997), cert. denied, 523 U.S. 1072 (1998). The Bremen rule, first announced in the admiralty context, has been explicitly held to apply to motions to dismiss based on a forum selection clause filed in cases before federal courts sitting in diversity. International Software Systems, Inc. v. Amplicon, Inc., 77 F.3d 112, 115 (5th Cir. 1996).

Plaintiff has failed to argue that any of the circumstances surrounding the application of the forum selection clause are innately unreasonable. The Court finds that the Defendant's

Motion to Dismiss has merit and the forum selection clause is enforceable.

**Accordingly,**

**IT IS ORDERED** that Defendant BMCI Contracting Inc.'s **Motion to Dismiss for Improper Venue Under Rule 12 (b)(3)** (Rec. D. 20) is **GRANTED.**

New Orleans, Louisiana, this the 11th day of May 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE